UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-62395-BLOOM/Elfenbein

ELMER CARTAGENA BONILLA,

    Petitioner,

v.

KRISTI NOEM, *et al.*,

    Respondents.
_____/

## ORDER ON EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTIVE RELIEF

**THIS CAUSE** is before the Court upon Petitioner Elmer Cartagena Bonilla's ("Bonilla") Emergency Motion for Temporary Restraining Order and/or Preliminary Injunctive Relief ("Motion"). ECF No. [8]. The Court has carefully reviewed the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons that follow, Bonilla's Motion is denied.

### I. FACTUAL BACKGROUND

Bonilla is a 21-year-old citizen of Guatemala, who "entered the United States as a minor near El Paso, without inspection, on or about May 29, 2019, and has resided in Florida since[.]" ECF No. [8] at 2.[1] On March 11, 2022, while Bonilla was still a minor, his mother filed a Form I-589 Application for Asylum and for Withholding of Removal "with the United States Citizenship and Immigration Services ("USCIS"), listing [Bonilla] as a derivative beneficiary[.]" *Id.* at 3. Based on his mother's asylum application, Bonilla was purportedly "issued a valid Employment

---

[1] Bonilla asserts that, since he has been in the United States, he "has never been arrested, charged, or convicted of any offense and has no history of immigration fraud or prior removals." ECF No. [8] at 3.

Authorization Document (EAD) . . . confirming his status as a bona fide asylum applicant authorized to live and work in the United States while his [asylum] case is pending." *Id.*

On September 15, 2025, DHS detained Bonilla and ultimately arrested him "for 'not having valid identification and status'" even though Bonilla produced both "his valid Florida Driver's license and his valid DHS-issued Employment Authorization Document" at the time of his arrest. *Id.* at 4. Once arrested, DHS elected to classify Bonilla as an alien subject to mandatory detention under 8 U.S.C. § 1225(b).

On October 10, 2025, "DHS served [Bonilla] with a Notice to Appear (Form I-862) and [] place[d] him in removal proceedings under 8 U.S.C. § 1229(a)." *Id.* at 5. According to Bonilla, during the removal proceedings, the Immigration Judge determined that he had jurisdiction to consider Bonilla's derivative asylum claim, notwithstanding that USCIS was still reviewing the claim and had never referred it to the Executive Office for Immigration Review (EOIR).[2] The Immigration Judge also did not alter DHS's classification of Bonilla as an alien subject to § 1225(b) and, as such, denied Bonilla's request for a bond hearing pursuant to § 1226(a). Bonilla contends that, given his mandatory detention and the Immigration Judge's consideration of his asylum claim, "he was left with no other option but to seek Voluntary Departure and be separated from his family in the United States." *Id.* at 6.

Given his current detention status and his imminent deportation on December 10, 2025, Bonilla has filed the instant Motion, "asserting that [1] he is being unlawfully detained[,] [2] that his seizure and arrest violated the Fourth Amendment's prohibition on unreasonable searches and seizures[,]" and [3] that DHS and the Immigration Judge acted unlawfully "by treating his case as if it were lawfully before the EOIR and by denying him a bond hearing under the proper statutory

---

[2] Bonilla does not clarify in his Motion whether the Immigration Judge ruled on his derivative asylum claim.

framework." *Id.* at 6. Accordingly, the Motion requests that the Court issue either a temporary restraining order or preliminary injunction (1) "Enjoining Respondents from transferring [Bonilla] outside the jurisdiction of the Southern District of Florida during the pendency of this action;" (2) "Enjoining Respondents from detaining [Bonilla] pursuant to § 1225(b);" (3) "Ordering Respondents to immediately release [Bonilla] from physical custody;" (4) "Declaring that [Bonilla's] arrest and initial seizure violated the Fourth Amendment's prohibition on unreasonable searches and seizures;" (5) "Declaring that the Immigration Judge's assertion of jurisdiction over [Bonilla's] asylum case was without observance of procedures required by law and contrary to the applicable statutory and regulatory scheme." *Id.* at 12.

## II. LEGAL STANDARD

The Court has authority to issue a temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65. *Fla. v. Mayorkas*, 672 F. Supp. 3d 1206, 1212 (N.D. Fla. 2023). To obtain a TRO, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).[3] Preliminary injunctive relief such as a TRO "is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983); *see Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at *1 (S.D. Fla. July 22, 2025) ("Although a 'showing of irreparable injury is the sine qua non of injunctive relief[,]' the movant 'bears the burden of persuasion to clearly establish all four of these prerequisites[.]'" (quoting

---

[3] "The third and fourth factors merge when a party seeks an injunction against the government." *HM Fla.-ORL, LLC v. Gov. of Fla.*, 137 F.4th 1207, 1224 (11th Cir. 2025).

3

*Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016)). "If a less drastic remedy . . . [i]s sufficient to redress [Petitioner's] injury, no recourse to the additional and extraordinary relief of an injunction [i]s warranted." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010).

### III. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, before the Court can consider the merits of Bonilla's Motion, it must first determine whether Congress or the Constitution permits the Court to exercise habeas jurisdiction under the circumstances. *See Barrios v. Ripa*, No. 1:25-CV-22644, 2025 WL 2280485, at *4 (S.D. Fla. Aug. 8, 2025) ("'Federal courts are courts of limited jurisdiction.' . . . Accordingly, before the Court can proceed, it must determine whether it has jurisdiction over the action.") (quoting *Kokkonen*, 511 U.S. at 377; citing *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1323 (11th Cir. 2012) ("Prior to making an adjudication on the merits, we must assure ourselves that we have jurisdiction to hear the case before us.")).

Title 28 U.S.C. § 2241, the federal habeas statute, provides federal courts the authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." 18 U.S.C. § 2241(c)(3); *see Buriev v. Warden, GEO, Broward Transitional Ctr.*, No. 25-CV-60459, 2025 WL 2763202, at *2 (S.D. Fla. Sept. 26, 2025). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, "Section 2241 is [still generally] the proper vehicle through which to challenge the constitutionality of a non-citizen's detention without bail." *Oscar*

4

*v. Ripe*, 751 F. Supp. 3d 1324, 1329 (S.D. Fla. 2024) (citing *Demore v. Kim*, 538 U.S. 510, 516-17 (2003)); *Buriev,* 2025 WL 2763202, at *2 (citing *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)); *see also Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025) ("Section 2241 authorizes federal courts to hear challenges to immigration detention.").

While federal district courts still generally retain jurisdiction to review immigration detention claims, in enacting 8 U.S.C. § 1252, Congress has stripped district courts of the ability to review factual or legal issues concerning certain discretionary decisions related to immigration removal proceedings. Specifically, § 1252 strips federal district courts of jurisdiction where the petitioner's claims challenge or arise from (1) the commencement of removal proceedings, (2) the adjudication of cases, and (3) the execution of final removal orders. *Barrios v. Ripa*, No. 1:25-CV-22644, 2025 WL 2280485, at *4 (S.D. Fla. Aug. 8, 2025) (quoting *Reno v. Am-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 482 (1999)).

Bonilla challenges DHS's decision to initiate his removal proceedings and the Immigration Judge's decision to issue an Order of Voluntary Removal. However, the Court lacks jurisdiction to consider those claims.[4] *See Smith v. Sheriff of Baker Cnty. Sheriff's Off.*, No. 3:25-CV-504-MMH-PDB, 2025 WL 1309824, at *1 (M.D. Fla. May 6, 2025) ("To the extent [the petitioner] challenges the substance of her removal proceedings or requests direct review of any order of removal, the Court does not have jurisdiction to consider this challenge."); *M.O.G.R. v. Warden, Stewart Det. Ctr.*, No. 4:25-CV-356-CDL-AGH, 2025 WL 3460936, at *2-3 (M.D. Ga. Dec. 2, 2025) ("[S]ection 1252(g) also deprives district courts of jurisdiction to stay removal.") (citing

---

[4] Bonilla asserts that he obtained lawful status and is therefore not removable because he was issued an EAD. While the Court theoretically would have jurisdiction to consider a habeas claim challenging his removal where the claim originally arose from a deferred action, *see Espinoza-Sorto v. Agudelo*, No. 1:25-CV-23201, 2025 WL 3012786, at *5 (S.D. Fla. Oct. 28, 2025), neither the pendency of an asylum application nor DHS's issuance of an EAD under 8 C.F.R. § 274(c)(8) based on a pending asylum application constitute deferred action that would allow the Court to exercise jurisdiction.

5

*Hamama v. Adducci*, 912 F.3d 869, 874 (6th Cir. 2018)). To obtain judicial review of a removal order, Bonilla must file a petition directly with the Eleventh Circuit. *See Smith*, 2025 WL 1309824, at *1 ("The Immigration and Nationality Act provides that the filing of a petition of review in the court of appeals, is 'sole and exclusive means for judicial review of an order of removal.'") (quoting 8 U.S.C. § 1252(a)(5)); *see also Samokhin v. Warden, Broward Transitional Ctr.*, No. 25-60333-CV, 2025 WL 2269863, at *2 n.1 (S.D. Fla. Mar. 10, 2025).

To the extent that Bonilla is challenging his detention, the Court has the authority to consider those claims under its federal habeas jurisdiction. However, while the Court has jurisdiction to review Bonilla's wrongful detention claims, the Court finds that the requested relief is effectively rendered moot as a result of the Voluntary Departure Order.[5] Bonilla is scheduled to voluntarily deport himself on December 10, 2025 – five days from now. Because DHS will necessarily have to release Bonilla from custody to permit him to self-deport, he will obtain his requested relief by December 10th.[6]

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Bonilla's Emergency Motion, **ECF No. [8]**, is **DENIED** for lack of jurisdiction to the extent it seeks relief from the Immigration Judge's Voluntary Removal Order and **DENIED AS MOOT** to the extent the Motion seeks relief from the allegedly unlawful detention. The Clerk shall **CLOSE** the case.

---

[5] Moreover, even if DHS unlawfully subjected Bonilla to mandatory detention under § 1225 during the pendency of his removal proceedings, because there is now a removal order, Bonilla is subject to 8 U.S.C. § 1231, which mandates that "[d]uring the removal period, the Attorney General shall detain the alien." *See also Buriev v. Warden, GEO, Broward Transitional Ctr.*, No. 25-CV-60459, 2025 WL 2763202, at *5 (S.D. Fla. Sept. 26, 2025) (explaining that § 1231(a) "controls the detention and removal of alien subject to a final order of removal") (internal citation and quotations omitted).

[6] Bonilla's Motion requests that he receive the requested relief by December 10, 2025. ECF No. [8] at 1.

Case No. 25-cv-62395-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 5, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record